## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**GRACE DENISE SALAS,**

**Plaintiff,**

v.                                                            **No. CIV-11-0273 LAM/RHS**

**MICHAEL J. ASTRUE,  Commissioner**
**of the Social Security Administration,**

**Defendant.**

## MEMORANDUM OPINION AND ORDER DENYING WITHOUT PREJUDICE MOTION TO REVERSE OR REMAND ADMINISTRATIVE AGENCY DECISION

**THIS MATTER** is before the Court on Plaintiff's *Motion to Reverse or Remand Administrative Agency Decision (Doc. 22)*, filed August 29, 2011.  Defendant filed its response to the motion on October 17, 2011.  [*Doc. 23*].  Plaintiff, who is proceeding *pro se*, has not filed a reply to her motion, and the time for doing so has passed.  In accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b), the parties have consented to the undersigned United States Magistrate Judge to conduct all proceedings and enter a final judgment in this case.  *See Documents 4* and *8.*  Having considered the motion, response, record of the case and relevant law, the Court **FINDS** that the motion is not well-taken and should be **DENIED without prejudice**.

On March 30, 2011, Plaintiff filed a complaint against the Commissioner of Social Security stating that she filed for Social Security benefits, and that she suffers from chronic back pain with left leg radiopathy, and has a history of major depression and anxiety disorder diagnoses.  [*Doc. 1* at 2].  Where Plaintiff is asked to list her claims, Plaintiff states "See attached," and attaches medical records.  *Id.* at 3 and [*Doc. 1-1*].  While Plaintiff's complaint is on a form for Section 1983 civil

rights complaints, it appears that Plaintiff's complaint is intended to be an appeal of Defendant's decision denying her Social Security benefits under 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to [her] notice of such decision or within such further time as the Commissioner of Social Security may allow.").[1]  On June 13, 2011, The Court ordered Plaintiff to file by August 15, 2011, a Motion to Reverse or Remand Administrative Agency Decision, with a supporting memorandum of law.  [*Doc. 15* at 1].  When Plaintiff failed to do so, the Court entered an Order to Show Cause ordering Plaintiff to file no later than September 7, 2011, a Motion to Reverse or Remand, with a supporting memorandum of law, or to show cause why her case should not be dismissed.  [*Doc. 21* at 2].  On August 29, 2011, Plaintiff filed a one-page Motion to Reverse or Remand Administrative Agency Decision [*Doc. 22*], stating that "Plaintiff wishes to be considered for disability benefits under sections 216(i) and 223(a) of the Social Security Act and supplemental security income (SSI)," and that "Plaintiff has provided the courts with hearing testimony as well as medical records showing cause and reasons why case should not be dismissed and prays that disability benefits be granted."  [*Doc. 22* at 1].  Plaintiff did not file a supporting memorandum of law.

The Court may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim "when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [her] an opportunity to amend [her] complaint would be futile."  *Hall v. Bellmon*,

---

[1]On February 16, 2011, the Appeals Council denied Plaintiff's request for review of the Administrative Law Judge's decision, which made the ALJ's decision the final decision of the Commissioner.  [*Doc. 16-1* at 5-7].  Plaintiff's complaint, filed on March 30, 2011, was, therefore, timely.

935 F.2d 1106, 1110 (10th Cir. 1991) (citation and internal quotation marks omitted).  To state a claim under Rule 12(b)(6), a "plaintiff must allege enough factual matter, taken as true, to make [her] 'claim to relief . . . plausible on its face.'"  *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  The Court must "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief."  *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).  "The complaint does not need detailed factual allegations, but the factual allegations must be enough to raise a right to relief above the speculative level."  *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (citation and internal quotation marks omitted).  In reviewing a plaintiff's *pro se* complaint, the court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

In addition, the Court has inherent power to dismiss a case, even with prejudice, *sua sponte* for failure to prosecute or for failure to comply with a court order.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).  Plaintiff's "pro se status does not relieve [her] from complying with the court's procedural requirements."  *Barnes v. United States*, No. 05-3403, 173 Fed. Appx. 695, 697, 2006 WL 856221 (10th Cir. April 4, 2006) (unpublished) (citation omitted); *see also Santistevan v. Colo. Sch. of Mines*, No. 04-1513, 150 Fed. Appx. 927, 931, 2005 WL 2697255 (10th Cir. Oct. 21, 2005) (unpublished) (holding that a *pro se* litigant must follow the same rules of procedure as other litigants).

3

Here, Plaintiff has failed to make any specific allegations, cite to any authority, or cite to any facts in the record, despite being given ample opportunity to do so.  This is in violation of the Court's Order Setting Briefing Schedule [*Doc. 15*], which directed Plaintiff to file a Motion to Reverse or Remand in accordance with D.N.M.LR-Civ. 7.3, which states that a motion "must cite authority in support of the legal positions advanced."  Plaintiff's statements regarding her medical conditions and that she wishes to be considered for social security benefits do not provide any allegations of specific error on the part of the Commissioner.  Plaintiff, therefore, fails to state a claim and has failed to comply with the Court's order to comply with Local Rule 7.3.  *See United States v. Rodriguez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997) (explaining that plaintiffs must tie relevant facts to their allegations and cite to the record to support their claims and "[i]n the absence of essential references to the record in a party's brief, the court will not 'sift through' the record to find support for the claimant's arguments.") (citation omitted).  To the extent Plaintiff seeks to bring a claim under 42 U.S.C. § 1983, she also fails to state a claim.  *See Choate v. Lemmings*, Nos. 07-7099, 07-7100, 08-7010, 294 Fed. Appx. 386, 392, 2008 WL 4291199 (10th Cir. 2008) (unpublished) (explaining that to state a cause of action, a § 1983 complaint needs two allegations: (1) that the plaintiff was deprived of a federal right; and (2) that the person who deprived the plaintiff of that right acted under color of state law) (citation omitted).  Plaintiff has not alleged that she was deprived of a federal right, nor has she alleged any state involvement.  The only listed defendant, the Commissioner of Social Security, is an employee of a federal agency.  *See Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000) (Section 1983 applies to state actors, not to federal agencies or employees).  For these reasons, the Court finds that Plaintiff has failed to state a claim and has failed to comply with the Court's order directing her to comply with the Court's

local rules.  Given Plaintiff's *pro se* status, the Court finds that this action should be without prejudice.

**IT IS THEREFORE ORDERED THAT** Plaintiff's *Motion to Reverse or Remand Administrative Agency Decision (Doc. 22)* is **DENIED**, and this case is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**

5